**Petition for Writ of Mandamus Denied in part and Dismissed in part and Opinion filed May 19, 2016.**



In The

# Fourteenth Court of Appeals

## NOS. 14-16-00329-CR and 14-16-00331-CR

## IN RE BRETT DAVID BOGUS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1399452 and 1433472**

## MEMORANDUM OPINION

On April 22, 2016, relator Brett David Bogus filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to "re-open" two petitions

for writ of mandamus he filed with our court on February 1, 2016 and March 10, 2016.

On March 24, 2016, our court issued opinions denying these petitions in case nos. 14-16-00129-CR, 14–16–00200–CR, and 14–16–00201–CR. The time for relator to file a motion for rehearing in these cases expired on April 9, 2014, several days before relator filed his petition asking that these matters be reopened. *See* Tex. R. App. P. 52.9. Relator has not filed a motion for rehearing or a motion for extension of time to file a rehearing motion in any of these other original proceedings. We cannot not re-open relator's prior petitions or reconsider the opinions in those proceedings.

Relator's petition also appears to ask our court to compel the Honorable Stacey W. Bond, presiding judge of the 176th District Court of Harris County, to (1) order the release of certain records he allegedly sought in motions filed with the trial court, and (2) order the Texas Department of Criminal Justice to allow relator to view the January 26, 2016 video recording of the hearing in which Judge Bond appointed Joseph Salhab to be relator's appellate counsel in *Bogus v. State*, Cause No. 14-15-00 32-CR.

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The argument in relator's petition does not show that Judge Bond clearly abused her discretion.

Further, as the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Relator has not provided this court any record, much less a record establishing his right to mandamus relief against Judge Bond.

Accordingly, we deny the petition to the extent relator seeks relief against Judge Bond.

The petition also names relator's attorney, Joseph Salhab, as a respondent, but does not ask this court to compel any action by Mr. Salhab.

This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to (1) writs against a district court judge or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221. The respondent Joseph Salhab is not a district court or county court judge in this court's district, and relator has not shown that the issuance of a writ is necessary to enforce this court's appellate jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against Joseph Salhab.

Accordingly, we dismiss the petition for writ of mandamus against Joseph Salhab for want of jurisdiction.

3

Finally, the petition asks our court to consider contempt charges and sanctions against the respondents for alleged misconduct occurring in the trial court. We deny this request because our court has no jurisdiction to grant this relief under section 22.221 of the Texas Government Code.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).